

FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

FILED
SEP 06 2018
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

```
In re: HARISH VENKAT REDDY and   )
DEEPIKA BASI REDDY,              )
                                 )   Case No. 17-21037-C-7
              Debtors.           )
_____)
                                 )
VINAY M. REDDY, M.D., dba SPINE  )   Adv. Pro. No. 17-2154
& NERVE DIAGNOSTIC CENTER,       )
                                 )
              Plaintiff,         )
                                 )
v.                               )   Docket Control No. DB-007
                                 )
HARISH VENKAT REDDY and          )
DEEPIKA BASI REDDY,              )
                                 )
              Defendants.        )
_____)
```

## OPINION

**Before: Christopher M. Klein, Bankruptcy Judge**

Jamie Dreher, Downey Brand LLP, Sacramento, California, for Plaintiff.

---

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

This is a judgment enforcement procedure situation. This court's money judgment has been appealed but may be collected in this judicial district because no supersedeas bond has been posted. The appeal, however, by virtue of the federal judgment registration statute (28 U.S.C. § 1963), prevents registration and collection in other districts unless this court finds "good cause" to register the judgment elsewhere. This opinion addresses § 1963 "good cause" in the bankruptcy context.

There being § 1963 "good cause" in this bankruptcy adversary proceeding, the motion to register will be GRANTED.

193

## Facts

This court entered judgment for $8.46 million against the debtors based on conduct determined to be willful and malicious so as to except it from chapter 7 discharge. The judgment also revoked the debtors' discharge, enabling plaintiff to proceed with a pending state court jury trial for additional damages on account of issues not resolved by this court. The debtors appealed without posting a supersedeas bond. Nonexempt assets in this judicial district are not adequate to satisfy the judgment. Potentially nonexempt assets are in two other judicial districts.

## Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334(b). This motion is made within a core proceeding that a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(I).

## Analysis

Setting the scene for analysis of § 1963 "good cause" entails a review of basic federal judgment enforcement procedure.

### I

A federal money judgment, including a judgment rendered by a bankruptcy court, generally becomes final and enforceable for purposes of collection fourteen days after entry of judgment. Fed. R. Civ. P. 62(a), incorporated by Fed. R. Bankr. P. 7062.[1]

---

[1] Rule 62(a) provides:

(a) Automatic Stay; Exceptions for Injunctions, Receiverships, and Patent Accountings. Except as stated in

The pendency of the post-trial motions that function to extend the time to appeal may warrant a further stay of execution "on appropriate terms" for security. Fed. R. Civ. P. 62(b), incorporated by Fed. R. Bankr. P. 7062.[2]

If an appeal is taken, then the appellant can obtain a stay pending appeal by supersedeas bond. Fed. R. Civ. P. 62(d), incorporated by Fed. R. Bankr. P. 7062.[3]

---

> this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:
> (1) an interlocutory or final judgment in an action for an injunction or receivership; or
> (2) a judgment or order that directs an accounting in an action for patent infringement.

Fed. R. Civ. P. 62(a), incorporated by Fed. R. Bankr. P. 7062.

[2] Rule 62(b) provides:

> (b) Stay Pending the Disposition of a Motion. On appropriate terms for the opposing party's security, the court may stay the execution of a judgment — or any proceedings to enforce it — pending disposition of any of the following motions:
> (1) under Rule 50, for judgment as a matter of law;
> (2) under Rule 52(b), to amend the findings or for additional findings;
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
> (4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b), incorporated by Fed. R. Bankr. P. 7062.

[3] Rule 62(d) provides:

> (d) Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Money judgments[4] are enforced by execution as provided in Federal Rule of Civil Procedure 69, which applies in bankruptcy adversary proceedings. Fed. R. Civ. P. 69(a), incorporated by Fed. R. Bankr. P. 7069 & 9014.[5]

A writ of execution for a money judgment may be obtained in the federal judicial district that rendered the judgment (and, as will be seen, in a registration district). Id.

Procedure on execution and proceedings supplementary to and in aid of judgment or execution must accord with state procedure, but a federal statute governs to the extent it applies. Fed. R. Bankr. P. 69(a)(1), incorporated by Fed. R. Bankr. P. 7069.

The federal judgment registration statute, 28 U.S.C. § 1963, "applies" and "governs" for purposes of Civil Rule 69. Id.

---

Fed. R. Civ. P. 62(d), incorporated by Fed. R. Bankr. P. 7062.

[4]For the sake of completing the enforcement picture, albeit not relevant to the instant motion, judgments other than for money (e.g., requiring an act to be done or an injunction) are enforced under Civil Rule 70, which also applies in adversary proceedings. Fed. R. Civ. P. 70, incorporated by Fed. R. Bankr. P. 7070. Rule 7070 expands the court's Civil Rule 70(b) vesting power from property located in the district to property within the jurisdiction of the court.

[5]Rule 69(a)(1) provides:

(a) In General.
　(1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1), incorporated by Fed. R. Bankr. P. 7069 (emphasis supplied).

A

Registration of federal judgments in other federal judicial districts, which operates to make them judgments of the other district, is governed by 28 U.S.C. § 1963:

> § 1963. Registration of judgments for enforcement in other districts
>
> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.
> The procedure prescribed under this section is in addition to other procedures provided by law for enforcement of judgments.

28 U.S.C. § 1963.

The federal judgment registration statute is, as noted, a statute recognized by the final clause of Rule 69(a)(1) providing that federal statutes govern to the extent applicable.

Execution in another district requires, per the federal judgment registration statute, that the judgment be "registered" in that other district. 28 U.S.C. § 1963.

Such registration makes the judgment a judgment of the other district. 28 U.S.C. § 1963 ("A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.").

Registration in a district in another state is more than a

mere procedural device. It becomes a judgment of the registration court to be enforced under the procedure of, and for the limitations period of, the registration state. 28 U.S.C. § 1963; Fidelity Nat'l Fin., Inc. v. Friedman, 803 F.3d 999, 1002-03 (9th Cir. 2015); Hilao v. Estate of Marcos, 536 F.3d 980, 988 (9th Cir. 2008): Stanford v. Utley, 341 F.2d 265, 270 (8th Cir. 1965); 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRAC. & PROC. § 2787 (3d ed. 2018) ("WRIGHT & MILLER"); 10 COLLIER ON BANKRUPTCY ¶ 7069.02 (Alan N. Resnick et al. eds., 16th ed. 2014) ("COLLIER").

If there is an appeal, money judgment enforcement may be stayed pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d), incorporated by Fed. R. Bankr. P. 7062.

Without a stay pending appeal, judgment enforcement may proceed subject to the risk that reversal on appeal would lead to disgorgement of collected funds under theories of restitution or of money had and received. RESTATEMENT (THIRD) OF RESTITUTION § 18 (2011); Borsos v. United Healthcare Workers-West (In re Borsos), 544 B.R. 201, 204-05 (Bankr. E.D. Cal. 2016) (citing cases).

Here, the federal judgment registration statute governs per Civil Rule 69 and has the effect of limiting enforcement to the district in which the judgment was rendered if there is a pending appeal unless the rendering court has authorized the judgment to be registered in other districts. Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001) ("Krypton Broad.").

B

The pertinent provision of § 1963 is that if the judgment

has not "become final by appeal or expiration of the time for appeal," then it can be registered in another judicial district only if "ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963 (2012).

The "good cause shown" clause was a reform enacted in 1988 to equilibrate Civil Rule 62(d) and § 1963. The anomaly being rectified was that the Rule 62(d) supersedeas bond requirement could be circumvented by filing a notice of appeal to exploit the § 1963 requirement of appellate finality and delay execution of judgments. Without out-of-district registration, there could be no acquisition elsewhere of a judgment lien that can be critical for successful execution. Judgment debtors would use the delay resulting from the appeal to move assets to other districts. Assoc'd Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 65-66 (D.N.J. 1989) (history of 1988 reform), citing David D. Siegel, Commentary on 1988 Revisions, U.S.C.A. (1989). The enactment of the "good cause shown" clause in 1988 put a stop to that perceived abuse. H. Rep. 100-889, at 69 (1988), as reprinted in 1988 U.S.C.C.A.N. 6028 ("should not be permitted to hide assets in foreign jurisdiction").

Two situations may occasion a rendering court's "good cause" determination for registration other than as automatically authorized by § 1963. First, registration before expiration of the time for appeal. Second, registration after the filing of a notice of appeal. Krypton Broad., 259 F.3d at 1197; 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 130.32[2] (3d ed. 2018) ("MOORE"); 11 WRIGHT & MILLER § 2787; 10 COLLIER ¶ 7069.02.

Here, the defendants filed a timely notice of appeal. As

this court's judgment has not become final by appeal or expiration of the time for appeal, the $8.46 million judgment can be registered in other judicial districts to achieve lien status by filing a certified copy only if this court concludes there is "good cause shown" for such registration.

The plaintiff has made a § 1963 motion to register in the Western District of Texas and the Central District of California based on "good cause." No notice of the motion is required, as registration is a ministerial act. 11 WRIGHT & MILLER § 2787.

C

Three primary procedural consequences ensue from registration in another district. First, a judgment lien arises. Second, writs of execution for enforcement may be obtained in that district. Third, where the other district is in a different state, the practice and procedure in that other state applies to judgment enforcement in that place.

Here, the requested registration in the Central District of California implicates the same state judgment enforcement laws that apply in this district.

In contrast, the requested registration in the Western District of Texas would trigger application of Texas judgment enforcement law to property in that district.

II

The question becomes whether there is "good cause shown" for immediate registration of the Reddy money judgment in other judicial districts.

The paradigm case of § 1963 "good cause" is absence of assets in the judgment forum, coupled with presence of assets in the registration forum. The possibility that the plaintiff will have an unsatisfied judgment if not allowed to register in other districts before or pending appeal ordinarily suffices as "good cause." Krypton Broad., 259 F.3d at 1197-98; WRIGHT & MILLER § 2787 n.7; MOORE § 130.32[2]; 10 COLLIER ¶ 7069.02.

The source of such information may be derived from the record of a civil action or adversary proceeding and, in the instance of bankruptcy, from the record in the bankruptcy case, itself. In ruling, the court has leeway and need not require strict proof from a plaintiff who has already prevailed on the merits of the claim. Assoc. Bus. Tel. Sys., 128 F.R.D. at 66.

Here, the schedules filed by the debtors in their bankruptcy case provide information probative of § 1963 "good cause." Those schedules executed under penalty of perjury must list all interests in property and other things of value wherever located.

As to property in this judicial district potentially available to answer this court's $8.46 million money judgment, Schedule A/B identifies one parcel of real estate located in Sacramento County, said to have a value of $556,728, which is claimed as exempt in the amount of $100,000 on Schedule C, and is subject to consensual secured debt listed on Schedule D as $132,979. No other property of material value is identified as being located within the Eastern District of California.

As to property elsewhere, Schedule A/B identifies interests in multiple parcels of real property located in Travis County, Texas. That county is in the Western District of Texas. 28

U.S.C. § 124(d)(1).

The insufficiency of assets in this district to answer the money judgment, coupled with the presence of assets in the Western District of Texas, suffices as § 1963 "good cause" to authorize judgment registration in the Western District of Texas.

The judgment creditor also contends that the debtors' animosity may lead them to attempt to transfer assets to places or persons located in the Central District of California in order to subvert the judgment creditor's ability to collect the judgment. That possibility gains verisimilitude from this court's extensive findings of fact in which the hostility and lack of personal credibility of the debtors figured prominently. Among other things, the debtors' testimony that they had not transferred assets to India was, in the face of bank records documenting actual transfers, determined to have been false.

In context, the debtors' patent animosity, evasiveness, and willingness to manipulate assets in order to frustrate collection suffices as a showing of § 1963 "good cause" for authorizing registration of the judgment in the Central District of California despite the pendency of their appeal. Assoc. Bus. Tel. Sys., 128 F.R.D. at 66; accord, Wordtech Sys., Inc. v. Network Sols., Inc., 2009 Westlaw 4884251 (E.D. Cal. 2009).

***

There has been sufficient showing of "good cause" under 28 U.S.C. § 1963 to GRANT the plaintiff's motion to authorize registration of this court's money judgment in the Western District of Texas and the Central District of California. An

appropriate order has been entered.[6]

September 6, 2018

_____
UNITED STATES BANKRUPTCY JUDGE

---

[6] This opinion supplements the ruling previously announced orally on the record.

11